

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-27-2006

# Guifarro v. USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-4694

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Guifarro v. USA" (2006). *2006 Decisions.* Paper 1385.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1385

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No: 04-4694

MARCO A. GUIFARRO,
Appellant

v.

UNITED STATES OF AMERICA;
PATRICK O. PRICE; DEPARTMENT
OF THE ARMY; JOHN DOES 1-5

Appeal from the United States District Court
for the District of New Jersey
(Civ. No. 03-cv-01741)
Trial Judge: Ronald J. Hedges, Magistrate Judge[*]

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 3, 2006

Before: McKEE, SMITH and VAN ANTWERPEN,
Circuit Judges

(Opinion filed: March 27, 2006)

OPINION

McKEE, Circuit Judge.

    Marco A. Guifarro appeals from the Magistrate Judge's finding in favor of the

---

[*]The parties consented to the Magistrate Judge's jurisdiction pursuant to 28 U.S.C. § 636(c).

United States in his action under the Federal Tort Claims Act,[1] and from the Magistrate Judge's denial of his motion for a new trial. For the reasons that follow, we will affirm.

Since we write primarily for the parties, we need only recite as much of the facts and procedural history as are helpful to our brief discussion of this appeal. The trial court specifically found that "[a]t no time relevant to the accident did plaintiff have a green signal or it[s] equivalent." App. 2. It further found that Guifarro attempted to cross the intersection against a signal in disregard of oncoming traffic, and that he failed to observe the government automobile. Thus, the trial court concluded that Guifarro was negligent.[2]

On appeal, Guifarro does not argue that the trial court's findings were clearly erroneous. Instead, he argues that the trial court failed to address certain issues relative to the negligence of the government driver, *viz*., that he was late for an appointment; that he was driving in excess of the speed limit; that he was talking to a passenger in the automobile; and that he was not alert while driving. However, the trial court did consider

---

[1]"Congress passed the Federal Tort Claims Act in 1946 to provide a means by which the federal government could, like other employers, be held liable for the torts of its employees committed within the scope of employment." Osborne M. Reynolds, Jr., *The Discretionary Function Exception of the Federal Tort Claims Act: Time for Reconsideration*, 42 Okla. L. Rev. 459 (1989). Under the Act, the state law which would determine the liability of "a private individual under like circumstances" applies to the liability of the United States. 28 U.S.C. § 2674. Because the accident occurred in New Jersey, New Jersey law applies. *Rodriquez v. United States*, 823 F.2d 735, 739 (3d Cir. 1987).

[2]We review the trial court's findings of fact for clear error. Fed.R.Civ.P. 52(a). Our review of the trial court's conclusions of law is plenary. *North Penn Gas Co. v. Corning Natural Gas Corp.*, 897 F.2d 687, 688 (3d Cir. 1990).

those issues and expressly found that any negligence on the part of the driver did not equal or exceed Guifarro's own negligence. App. 2-3. Those findings are fully supported by the record. Accordingly, that finding was not clearly erroneous, and the court did not err in concluding that Guifarro's own negligence defeated this claim.

Moreover, because we conclude that the verdict is not against the weight of the evidence and a miscarriage of justice does not result from it, the district court did not abuse its discretion in denying Guifarro's motion for a new trial.[3]

For all of the above reasons, we will affirm the trial court.

---

[3]A new trial should be granted only when the verdict is contrary to the weight of the evidence or when a miscarriage of justice would result if the verdict were to stand. *Williamson v. Consolidated Rail Corp.*, 926 F.2d 1344, 1352 (3d Cir. 1991). A trial court's decision on a motion for a new trial is reviewed for an abuse of discretion. *Roebuck v. Drexel University*, 852 F.2d 715, 735 (3d Cir. 1988).